```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA

CANDI D. BONSAL,              )
                              )
          Plaintiff,          )         4:07CV3165
                              )
     v.                       )
                              )
BORGMAN CRATE & PALLET, Inc., )         MEMORANDUM AND ORDER
                              )
          Defendant.          )
                              )
```

The defendant has moved to compel the plaintiff to respond to deposition questioning regarding prior allegations of sexual harassment filed against her previous employer, McBattis, Inc., the circumstances giving rise to these allegations, the names and/or titles of the individuals involved, and the approximate time frame of this alleged sexual harassment. Filing 29. The defendant claims this information is relevant because the plaintiff states she has spoken to Fred Arnold, the president and owner of McBattis, regarding her case against defendant, Borgman Crate & Pallet, Inc. ("Borgman"), and the allegations brought against McBattis are believed to be very similar to the ones currently pending against Borgman. Borgman argues that if the allegations filed against McBattis were similar, such information is relevant to show the plaintiff's heightened sensitivity to alleged harassment and her knowledge that she was required to report such harassment to her employer. Borgman also argues that the requested discovery may reveal plaintiff's pattern and practice of raising sexual harassment allegations against employers, and may reveal possible areas for impeaching the trial testimony of the plaintiff and Mr. Arnold.

The plaintiff did not respond to Borgman's motion to compel.

Based on the evidence of record, Borgman asked the plaintiff during her deposition if she had ever filed a sexual harassment lawsuit against McBattis.  The plaintiff promptly sought direction from her counsel on whether to answer this question.  Specifically, the plaintiff was concerned that she was prohibited from testifying about the McBattis claim because her settlement agreement with McBattis included a confidentiality clause.  Borgman's counsel asked questions to confirm that the alleged offending employee in McBattis was a member of senior management, this employee allegedly sexually harassed the plaintiff, the plaintiff had worked for McBattis for two and one-half years, the case arose in 2002 or 2003, and the case was settled.  No further questions about the previous case were posed to the plaintiff at that time because, "pursuant to agreement between counsel," plaintiff's counsel agreed to review the confidentiality clause of the McBattis settlement agreement, and provided the clause did not prohibit such discovery, the plaintiff's deposition could be resumed thereafter to further explore the circumstances underlying the plaintiff's claim against McBattis.  Filing 29, Ex. A.

The confidentiality clause of the McBattis settlement agreement stated:  "The Claimant shall keep confidential and secret all provisions of this settlement agreement."  Filing 29, Ex. B.  This confidentiality clause does not prohibit the plaintiff from disclosing the alleged circumstances and allegations underlying her actual or threatened legal action against McBattis, the names and titles of the individuals involved, or the approximate time frame of these events.

Borgman's counsel discontinued plaintiff' deposition questioning concerning the facts underlying her McBattis sexual

2

harassment claim based on the representation of plaintiff's counsel that these matters could be addressed in a supplemental deposition once it was confirmed that disclosing such information would not violate the McBattis settlement agreement.  At the time of the deposition, the plaintiff did not object to this area of questioning on any other basis.  Although such discovery is not prohibited by the terms of the confidentiality clause in the McBattis settlement agreement, the plaintiff apparently now refuses to permit a supplemental deposition regarding this line of questioning.  The plaintiff's position on this issue is not substantially justified.

Accordingly, to the extent the defendant seeks an order compelling the plaintiff to appear for a supplemental deposition for questioning concerning the facts underlying her sexual harassment claim against McBattis, the defendant's motion to compel will be granted.  However, the questions Borgman intends to ask and the plaintiff's specific objections to those questions are not before the court at this time.  The court cannot and will not determine, in the abstract, whether the plaintiff must respond to any particular question Borgman may ask at the supplemental deposition.

　　　IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion to compel, filing 29, is granted.

2. On or before April 1, 2008, the plaintiff shall attend and submit to defendant's supplemental deposition questioning concerning the allegations and circumstances underlying her sexual harassment claim against McBattis, Inc.

3. Within 10 days of the date of this order, defendant's counsel shall provide to plaintiff an itemized statement of defendant's fees and expenses related to

      bringing this motion.  The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a).  If an agreement is reached, a joint stipulation shall be filed with the court setting forth the terms of that agreement.  If no agreement can be reached, defendant's counsel shall submit its application for fees to this court within 15 days of this order for the court's resolution of this issue.

4. The clerk shall make any award of attorneys fees and expenses herein a part of any judgment eventually entered in this case unless the parties file a statement with the clerk advising that the award of fees and expenses was paid prior to judgment.

DATED this 17th day of March, 2008.

                BY THE COURT:

                s/ *David L. Piester*
                David L. Piester
                United States Magistrate Judge